United States District Court
Southern District of Texas

**ENTERED**

November 08, 2021

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CIVIL ACTION No. |
| | § | 4:21-cv-01349 |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| $11,409.02 SEIZED | § | |
| FROM A COMERICA | § | |
| BANK ACCOUNT | § | |
| ENDING IN 2113, | § | |
| Defendant. | § | |

OPINION AND ORDER
GRANTING MOTION FOR DEFAULT JUDGMENT

The motion for default judgment by Plaintiff the United States of America is granted. Dkt 13.

1. Background

No party has answered or otherwise appeared to oppose the relief sought by the Government in this matter. The facts alleged by the Government in its complaint are thus accepted as true. See *Nishimatsu Construction Company v Houston National Bank*, 515 F2d 1200, 1206 (5th Cir 1975).

Congress passed the Coronavirus Aid Relief and Economic Security Act in response to the COVID-19 pandemic and economic crisis in May 2020. The law included the Paycheck Protection Program implemented by the Small Business Administration. Pub L No 116-136, 134 Stat 281, § 1102 (2020). Businesses suffering from the economic effects of the pandemic could apply for a PPP loan for financial assistance. See Dkt 1 at ¶ 10.

The amount of PPP funds a business could receive was determined by its employee headcount and average monthly payroll costs. Eligible businesses must have been in operation on or before February 15, 2020 and have paid employees or independent contractors. Further, the SBA would forgive PPP loans if all employees remained on the business's payroll for eight weeks and the loan was used for payroll, rent, mortgage interest, or utilities pursuant to the program. Id at ¶¶ 11–12.

Uddin Investments LLC is a business located in Houston, Texas. A fraudulent PPP loan application and supporting documents were submitted on its behalf by wire to the Community Federal Savings Bank in New York in May 2020. The application falsely claimed that the company had thirty-five employees and an average monthly payroll of $196,666.00. Community Federal Savings approved the application and then wired $491,664.00 to a Texas Comerica Bank account held by Uddin Investments ending in 2113 in June 2020. Id at ¶¶ 8–9, 13–14.

IRS Form 941 is an employer's quarterly federal tax return that includes key information such as the business's total number of employees and quarterly compensation to those employees. Uddin Investments submitted an IRS Form 941 for each quarter of 2019 in support of its PPP loan application. Although the IRS didn't have any Form 941 on file for Uddin Investments in 2019, the business submitted forms purporting to have employed thirty-five individuals and paid $590,000.00 in wages for each quarter of 2019. See id at ¶¶ 15–17.

The Texas Workforce Commission requires Texas employers to report unemployment insurance wages and pay unemployment taxes. TWC has no record of employee wages for Uddin Investments during 2019. In fact, the TWC has no records at all for Uddin Investments. Dkt 1 at ¶ 18.

The Government alleges that the PPP loan application by Uddin Investments was approved in reliance on its material misrepresentations and fraudulent supporting

documents. Id at ¶¶ 19–20. It maintains that the fraudulent loan application and wire transfer constitute specified unlawful activity. Id at ¶ 5, citing 18 USC §§ 1014, 1343, 1956(c)(7)(A) & (D). As such, the Government claims that the Defendant Property of $11,409.02 constitutes or is derived from proceeds traceable to specified unlawful activity and therefore subject to forfeiture. Dkt 1 at ¶¶ 6–7, citing 18 USC §§ 981(a)(1)(C) & 984.

The Defendant Property was seized from a Comerica Bank account ending in 2113 held in the name of Uddin Investments pursuant to 18 USC §§ 981(a)(1)(C) & 984. Id at ¶¶ 7, 9, 14. The Government filed a complaint for forfeiture *in rem* pursuant to 18 USC 981(a)(1)(C) and issued a warrant of arrest *in rem* in April 2021. Dkts 1 & 2. It then published notice of the forfeiture on its official internet site from April 24th to May 23rd of 2021. Dkt 8. It also sent notice of the complaint via email to Uddin Investments through its counsel pursuant to Rule G(4)(b)(iii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Dkts 3 & 3-1.

The Government next requested entry of default "as to Uddin Investments LLC and all persons or entities who have failed to plead or otherwise contest the forfeiture of the Defendant Property in this case, $11,409.02 seized from a Comerica Bank account ending in 2113." Dkt 10 at 1. That request was granted. Dkt 11. The Clerk entered default against Uddin Investments and all other persons and entities with respect to the subject property. Minute Entry of 07/26/2021.

The Government now moves for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. Dkt 13.

## 2.   Legal standard

Rule 55 governs default proceedings. This involves sequential steps of default, entry of default, and default judgment. A *default* occurs "when a defendant has failed to plead or otherwise respond to the complaint within the

time required by the Federal Rules." *New York Life Insurance Co v Brown*, 84 F3d 137, 141 (5th Cir 1996). An *entry of default* is what the clerk enters when a plaintiff establishes the default by affidavit or otherwise pursuant to Rule 55(a). A *default judgment* can thereafter enter against a defendant upon application by a plaintiff pursuant to Rule 55(b)(2).

The Fifth Circuit instructs that a default judgment is "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v Pelican Homestead & Savings Association*, 874 F2d 274, 276 (5th Cir 1989). A plaintiff isn't entitled to a default judgment as a matter of right, even if default has been entered against a defendant. *Lewis v Lynn*, 236 F3d 766, 767 (5th Cir 2001). Rather, a default judgment "must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings." *Wooten v McDonald Transit Associates Inc*, 788 F3d 490, 498 (5th Cir 2015) (quotation marks omitted). The well-pleaded allegations in the complaint are assumed to be true, except those regarding damages. *Nishimatsu*, 515 F2d at 1206.

The decision to enter a judgment by default is discretionary. *Stelax Industries Ltd v Donahue*, 2004 WL 733844, *11 (ND Tex). "Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party." *John Perez Graphics & Design LLC v Green Tree Investment Group Inc*, 2013 WL 1828671, *3 (ND Tex), citing *Lindsey v Prive Corp*, 161 F3d 886, 893 (5th Cir 1998).

3.   Analysis

No person or entity has filed any answer or otherwise responded to the complaint or request for entry of default. The entry of default was thus deemed appropriate under Rule 55(a). Dkt 11.

The remaining question concerns the propriety of entering default judgment. Three inquiries pertain to that consideration. The first is whether the entry of default judgment is procedurally warranted. The next is whether

the substantive merits of the plaintiff's claims as stated in the pleadings provide a sufficient basis for default judgment. The last is whether and what relief the plaintiff should receive. For example, see *Neutral Gray Music v Tri-City Funding & Management LLC*, 2021 WL 1521592, *2 (SD Tex) (collecting cases).

   a.   Procedural requirements

The following factors are pertinent to decision of whether default judgment is procedurally appropriate:

   o   *First,* whether material issues of fact are in dispute;

   o   *Second,* whether there has been substantial prejudice to the plaintiff;

   o   *Third,* whether the grounds for default are clearly established;

   o   *Fourth,* whether the default was caused by a good-faith mistake or excusable neglect on the defendant's part;

   o   *Fifth,* whether default judgment is inappropriately harsh under the circumstances; and

   o   *Sixth,* whether the court would think itself obliged to set aside the default upon motion by the defendant.

*Lindsey*, 161 F3d at 893, citing Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2685 (West 2d ed 1983).

*First,* the Government's well-pleaded allegations against the Defendant Property are assumed to be true. See *Nishimatsu*, 515 F2d at 1206. No person or entity has defended or otherwise appeared in this action. This means that no material facts appear to be in dispute. See *Innovative Sports Management Inc v Martinez*, 2017 WL 6508184, *3 (SD Tex).

*Second,* the Government has naturally experienced substantial prejudice. It served a copy of the complaint (including a notice of forfeiture) to Uddin Investments' counsel by email. Dkt 3-1. It also published notice of this

judicial forfeiture action on an official government internet site (www.forfeiture.gov) for thirty consecutive days. Dkt 8. Neither Uddin Investments, its counsel, nor any other person or entity has responded or defended this action, effectively halting the adversarial process. See *China International Marine Containers Ltd v Jiangxi Oxygen Plant Co*, 2017 WL 6403886, *3 (SD Tex); *Insurance Co of the West v H&G Contractors Inc*, 2011 WL 4738197, *3 (SD Tex).

*Third,* the Clerk properly entered default against the Defendant Property pursuant to Rule 55(a) because no person or entity answered or otherwise defended this action. Docket Entry of 07/26/2021. Default judgment is likewise proper because no person or entity has since answered or otherwise defended. See *United States v Padron*, 2017 WL 2060308, *3 (SD Tex); *WB Music Corp v Big Daddy's Entertainment Inc*, 2005 WL 2662553, *2 (WD Tex).

*Fourth,* nothing suggests that default by any potential claimant to the Defendant Property has been the product of a good-faith mistake or excusable neglect. See *Insurance Co of the West*, 2011 WL 4738197 at *3; *Innovative Sports Management*, 2017 WL 6508184 at *3; *Lindsey*, 161 F3d at 893.

*Fifth,* nothing suggests that it would be too harsh to enter default judgment against the Defendant Property. See *Joe Hand Promotions Inc v 2 Tacos Bar & Grill LLC*, 2017 WL 373478, *2 (ND Tex), citing *Lindsey*, 161 F3d at 893; *Insurance Co of the West*, 2011 WL 4738197 at *3. Uddin Investments—along with any other potential claimant—has had over four months to come forward and defend in this action. This mitigates the perception of any harshness of entering a default judgment. See *Insurance Co of the West*, 2011 WL 4738197 at *3, citing *Lindsey*, 161 F3d at 893.

*Sixth,* nothing suggests that a default judgment would be set aside were any person or entity to later challenge it. See *Insurance Co of the West*, 2011 WL 4738197 at *3.

Given the foregoing, entry of default judgment pursuant to Rule 55(b) is procedurally appropriate.

### b.   Substantive requirements

The Government alleges that the Defendant Property constitutes "property which constitutes or is derived from proceeds traceable to specified unlawful activity." Dkt 1 at ¶ 7. But there still must be "a sufficient basis in the pleadings for the judgment entered." *Nishimatsu*, 515 F2d at 1206. This is so because a default judgment is valid "only so far as it is supported by well-pleaded allegations, assumed to be true." Ibid.

The inquiry is thus whether the complaint satisfies Rule 8 of the Federal Rules of Civil Procedure. See *Wooten v McDonald Transit Associates Inc*, 788 F3d 490, 497–98 (5th Cir 2015). Rule 8(a)(2) requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court holds that this "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007).

The Government asserts that the Defendant Property "constitutes proceeds traceable to specified unlawful activity, namely a fraudulent loan application in violation of 18 USC § 1014 and wire fraud in violation of 18 USC § 1343." Dkt 13 at 3. It thus maintains that the subject funds are subject to forfeiture under 18 USC §§ 981(a)(1)(C) & 984. Ibid.

Section 981(a)(1)(C) provides:

(a)(1) The following property is subject to forfeiture to the United States:

…

(C) Any **property**, real or personal, which constitutes or is derived from proceeds traceable to a violation of [certain enumerated sections, including § 1014] of this title or any offense constituting

'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

A fraudulent loan application in violation of 18 USC § 1014 constitutes *specified unlawful activity* within the meaning of 18 USC § 1956(c)(7)(D). And wire fraud in violation of 18 USC § 1343 constitutes *specified unlawful activity* under 18 USC § 1956(c)(7)(A), which incorporates 18 USC § 1961(1)(D).

Section 984 provides in relevant part that where "any identical property [is] found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section," so long as the action is commenced not more than one year from the offense date. 18 USC §§ 984(a)(2), (b).

Here, Uddin Investments submitted a fraudulent PPP loan application, submitted the fraudulent application and supporting documents via wire, and the Defendant Property was found in the same account to which Community Federal Savings Bank wired the PPP loan. Thus, the claims as stated in the pleadings provide a sufficient basis on the merits for default judgment. Entry of default judgment pursuant to Rule 55(b) is therefore substantively appropriate.

c.   Appropriate remedies

Rule 54(c) provides that "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." This means that "the relief prayed for in a complaint defines the scope of relief available on default judgment." *United States v $19,840.00 in US Currency More or Less*, 552 F Supp 2d 632, 637 (WD Tex 2008).

The Government requests here the entry of default judgment and a final judgment of forfeiture in its favor with respect to the $11,409.02 Defendant Property. Dkt 13 at 3. This accords with the relief specified in the complaint. Dkt 1.

4.   Conclusion

The requested relief is appropriate given the evidence presented by the Government, the sufficiency of the proceedings in this action, and the failure of any person or entity to assert otherwise. As such, default judgment is appropriate. See *United States v $44,860.00 in US Currency*, 2010 WL 157538, *3 (ND Tex).

The motion by Plaintiff the United States of America for default against $11,409.02 Defendant Property is GRANTED. Dkt 13.

The $11,409.02 Defendant Property seized on or about November 17, 2020 is FORFEITED to the United States of America pursuant to 18 USC § 981(a)(1)(C). All right, title, and interest in said currency and property is vested in the United States of America.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on November 8, 2021, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

9